IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> WILFREDO VELASQUEZ ARTEAGA, <br><br> Defendant. | Case No. 3:23-cr-00074-IM-1 <br><br> **OPINION AND ORDER DENYING DEFENDANT WILFREDO VELASQUEZ ARTEAGA'S MOTION FOR SENTENCING REDUCTION AND MOTION TO APPOINT COUNSEL** |

**IMMERGUT, District Judge.**

Defendant Wilfredo Velasquez Arteaga has filed a Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("MSR"), ECF 65, and a Motion to Appoint Counsel ("MAC"), ECF 66. This Court DENIES both Motions.

Defendant asks this Court to reduce his sentence "in keeping with the retroactive application of Amendments 782 [and] 821." MSR, ECF 65 at 1. In his Motion to Appoint Counsel, Defendant specifically contends that, under "18 U.S.C. [§] 3582(c)(2) and Amendment 821," he is eligible for a two-level reduction to his "offense levels" because he "is a first time

offender with zero points." MAC, ECF 66. He correctly recognizes that Amendment 821 "became effective for retroactive application on November 1, 2023." *Id.*

Defendant's arguments lack merit. Defendant was sentenced *after* November 1, 2023 on December 18, 2023, and Amendment 821 was part of his guideline calculation. *See* Minutes of Proceedings, ECF 50. Defendant's Presentence Investigation Report ("PSR")—which was prepared on November 15, 2023 and revised on December 7, 2023—clearly states that "[t]he 2023 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." PSR, ECF 46 ¶ 23; *see also id.* at 9 n.1.

The reason Defendant did not receive the two-offense level reduction is because he is not a zero-point offender. His PSR states that he has three criminal history points under Chapter Four, Part A of the sentencing guidelines. *Id.* ¶ 40. The Government pointed this out and agreed with the PSR's guideline calculation in recommending Defendant's sentence, *see* Government's Sentencing Memorandum, ECF 47 at 2–3, and Defendant's attorney also agreed with this guideline calculation, Defendant's Sentencing Memorandum, ECF 49 at 1. In sentencing Defendant, this Court adopted the PSR without change. *See* Statement of Reasons, ECF 52 at 1.

Therefore, Defendant's request for a sentencing reduction is wrong. So is Defendant's reliance on Amendment 781; it was instituted in 2014 in response to "statutory changes made by the Violence Against Women Reauthorization Act of 2013," which have no applicability to Defendant's drug-related offense. *See* Amendment 781, U.S. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/781 (last accessed May 3, 2024). Finally, Defendant is not entitled to an attorney to raise meritless arguments. *See United States v. Richardson*, 569 F. App'x 504, 504–05 (9th Cir. 2014).

## CONCLUSION

For the reasons above, this Court DENIES Defendant's Motion for Sentencing Reduction, ECF 65, and Defendant's Motion to Appoint Counsel, ECF 66. All pending deadlines are VACATED.

**IT IS SO ORDERED.**

DATED this 3rd day of May, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
